UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

RAUL CARDENAS LOPEZ,

Defendant.

09-CR-644

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 09 2010 ★
BROOKLYN OFFICE

**JACK B. WEINSTEIN, Senior United States District Judge:**

Under 18 U.S.C. § 3553(c), a sentencing court is required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If, however, the sentence is not of the kind or is outside the range of the sentencing guidelines as referred to in section 3553(a)(4), the court is required to state the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." Id. Even though the mandatory nature of the guidelines has been excised and they are now "advisory," see United States v. Booker, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements set forth in 18 U.S.C. § 3553(c)(2). United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons need only be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." United States v. Rattoballi, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." United States v. Cavera, 550 F.3d 180, 193 (2d Cir. 2008) (quoting Rita v. United States, 127 S.Ct. 2456, 2468 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On October 6, 2009, Raul Cardenas Lopez pled guilty to a single-count indictment, which charged that on August 5, 2009 the defendant, an alien who had previously been deported from the United States after a conviction for the commission of a felony, was found in the United States without the Secretary of the United States Department of Homeland Security having expressly consented to such alien's applying for admission, in violation of 8 U.S.C. §§ 1326(a) and (b)(1).

Lopez was sentenced on January 20, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere during sentencing and the various in-court factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). See In re Sentencing, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility on appeal).

At sentencing, the court found the total offense level to be ten and defendant's criminal history category to be category III, yielding a guidelines range of imprisonment of between ten and sixteen months. The offense carried a maximum term of imprisonment of 10 years. 8 U.S.C. § 1326(b)(1). The guidelines range of fine was from $2,000 to $20,000.

Lopez was sentenced to fourteen months of imprisonment and three years' supervised release. A $100 special assessment was imposed. No fine was imposed because the defendant does not, and will not in the future, have assets to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. See 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." See 18 U.S.C. § 3553(a)(1). The court recognizes that defendant entered this country for economic reasons, in order to be able to better support his wife and children in Mexico. Other than his immigration offenses, defendant has not committed any serious crimes. Defendant has been removed from this country on at least twenty-four prior occasions. In view of his repeated illegal re-entries, it is not appropriate to impose a sentence below the guidelines range, or at the lower end of the guidelines range. A sentence of fourteen months, within the guidelines range, reflects the seriousness of the offense and will promote respect for the law and provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any illegal re-entry into this country will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's ability to apply for certain employment. It is unlikely that he will engage in further criminal activity in light of his need to support his wife and children in Mexico.

Jack B. Weinstein
Senior United States District Judge

Dated: January 22, 2010
      Brooklyn, New York